

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 29, 1975

The Honorable Craig A. Washington
Chairman
House Committee on Prairie View
  A&M University
Box 2910, Capitol Station
Austin, Texas 78767

Opinion No. H- 509

Re: Authority of a college
to withhold professor's
pay checks pending the
completion of certain
obligations.

Dear Mr. Washington:

You have requested our opinion concerning the authority of a college to withhold pay checks of a professor pending payment of a parking permit fee and submission of semester grades.

As exemplified by constitutional and statutory provisions prohibiting the garnishment of wages, Texas Constitution, article 16, section 28; article 4099, V.T.C.S., it is the public policy of this state to insure the payment of salaries and wages. Attorney General Opinions O-6671 (1946) and O-7390 (1946) held that deductions from salaries and wages may be made only pursuant to a reasonable contract provision, a statute, or a constitutional provision. See also Attorney General Opinion O-6679 (1945).

Article 16, section 10 of the Texas Constitution allows the Legislature to make deductions from the salaries of public officers for neglect of duty. However, this authority rests only with the Legislature and does not extend to departments of the state. Attorney General Opinion O-7390 (1946). That opinion dealt with the authority of the Prison Board or the general manager of the Prison System to "assess and collect any fees . . . from prison employees because such person may have been responsible for allowing a convict to escape." It states:

p. 2294

There are no statutes authorizing the Board of Prison Commissioners or the General Manager of the Prison System to impose fines or pecuniary assessments upon employees of the Prison System who may neglect the performance of their duties assigned them by law . . . .

In our opinion, the stated practice of the Board is in the nature of a penalty, and is beyond the authority of the Board.

While Attorney General Opinion O-7390 concerned fines rather than salary deductions, article 16, section 10 was cited, and no distinction was seen between the two forms of penalties.

We have found no statutory or constitutional authority for the withholding of salaries by a state college administrator and it is therefore our opinion that he lacks the authority to do so.

## SUMMARY

A state college does not have authority to withhold faculty salary payments on the grounds of neglect of duty such as tardiness in the submission of semester grades.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg